UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN TAYLOR, *et al.*

      Plaintiffs,

                                  Case No. 22-cv-11367

v.                              Hon. Matthew F. Leitman

UNITED STATES, *et al.*

      Defendants.

_____/

## <u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 5)</u>

Plaintiffs Marvin and Laura Taylor owe approximately $920,000 in unpaid federal taxes. In this action, the Taylors ask the Court to (1) require the United States and two Revenue Officers of the Internal Revenue Service (the "IRS") – the Defendants here – to accept for processing a proposed installment plan for payment of the taxes, (2) prohibit the Defendants from engaging in collection activity while any proposed installment plan is pending, and (3) order the Defendants to return certain funds that were seized from Marvin Taylor's bank account. The Taylors claim that they are entitled to this relief because the Defendants violated a federal statute that imposes certain limits on the IRS's authority to undertake collection efforts against a taxpayer where (1) the taxpayer has made a proposal to satisfy his outstanding tax obligations through installments payments and (2) the proposal is pending before the Secretary of Treasury (the "Secretary"). *See* 26 U.S.C. § 6331(k).

However, all of the Taylors' claims are barred by the United States' sovereign immunity and/or by the Anti-Injunction Act, 28 U.S.C. § 2283.  Moreover, to the extent that the claims against the individual Defendants may not be barred by those doctrines, they fail on the merits.  The Court will therefore **GRANT** the Defendants' Motion to Dismiss (ECF No. 5).

**I**

**A**

The Court begins with a short discussion of the tax laws and regulations underlying the Taylors' claims.  This background is essential to understand the allegations made by the Taylors.

Section 6159(a) of the Internal Revenue Code, 26 U.S.C. § 6159(a), authorizes the Secretary "to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability."  Another section of the Internal Revenue Code, 26 U.S.C. § 6331(k)(2), limits the authority of the IRS to engage in collection activities while the Secretary is considering whether to accept an installment agreement that a taxpayer has proposed.  That section provides that "[n]o levy shall be made … on the property or rights to property of any person with respect to any unpaid tax … during the period that an offer by such person for an installment payment under

2

section 6159 for payment of such unpaid tax is pending with the Secretary" (the "Levy Prohibition"). 26 U.S.C. § 6331(k)(2).  The Levy Prohibition further provides that if the Secretary rejects a taxpayer's proposed installment payment plan, the IRS shall not levy against the taxpayer's property or rights in property "during the 30 days thereafter." *Id.*

As noted above, the Levy Prohibition is only triggered when a taxpayer's proposed installment plan "is pending" before the Secretary.  A federal regulation explains that a plan "becomes pending when it is accepted for processing." 26 CFR § 301.6159-1(b)(2).

Notably, the Secretary does not have to accept for processing every installment plan proposed by a taxpayer.  On the contrary, Section 7122(g) of the Internal Revenue Code, 26 U.S.C. § 7122(g), authorizes the Secretary to treat a proposed installment plan "as if it were never submitted" if the Secretary finds, among other things, that the plan was proposed in order to delay or impede the administration of the tax laws.

The upshot of these statutory and regulatory provisions is this: if a taxpayer proposes an installment plan, and if the Secretary accepts the proposal for processing by agreeing to consider the proposal on the merits, then the IRS may not undertake any collection activities while the Secretary is considering the merits of the proposal and, if the Secretary rejects the proposal, for the next thirty days.  But if the Secretary

3

refuses to accept a proposed installment plan for processing and declines to consider the proposal on the merits, then the proposal imposes no limits on the IRS's authority to undertake collection efforts.

## B

The Taylors have an outstanding federal tax liability of approximately $920,000.  On September 14, 2021, they submitted to the Secretary a proposed installment plan under Section 6159(a) of the Internal Revenue Code. (*See* Installment Plan Proposal, ECF No. 6-2, PageID.89.)  After reviewing that proposal, IRS Revenue Officer Christopher Smith (one of the individual Defendants named in this action) concluded that the proposal was submitted "simply to delay collection." (9/21/14 Letter from Plaintiffs' Attorney Joseph Falcone, ECF No. 6-3, PageID.92.) Accordingly, the plan was not accepted for processing and never became "pending" before the Secretary. *See* 26 CFR § 301.6159-1(b)(2).

The Taylors allege that they later submitted "several" additional proposed installment payment plans, including a proposal that called for the IRS to receive $575,000 to be made available upon the refinancing of their mortgage loan. (Compl. at ¶¶ 8-9, ECF No. 1, PageID.3.)  And they claim that the IRS, Smith, and Michael Derosier (an IRS Revenue Officer and another named Defendant in this action) have wrongfully "refuse[d] to process" and have "not responded to" these additional proposals. (*Id.* at ¶¶ 8-11, 16-18, PageID.3-4.)

4

The Taylors further seem to suggest that around the same time that they presented their proposed installment plans to the Defendants, the Defendants issued a levy against a bank account held by Marvin Taylor. (*See id.* at ¶¶ 12, 25, PageID.3, 6.)  The Taylors insist that the assessment of this levy violated the Levy Prohibition. (*See id.* at ¶ 12, PageID.3.)  They make that allegation even though (as noted above) they complain that the Defendants did not accept their proposed plans for processing – which is effectively an admission that the proposals never became "pending" before the Secretary and never triggered the Levy Prohibition.

## C

The Taylors filed this action on June 20, 2022.  Their Complaint names three Defendants – the United States, Smith, and Derosier – and asserts two claims.  Count I is captioned "Violation of 26 USC 6331(k)(2)(A) and (B)." (*Id.*, PageID.5.)  In this claim, the Taylors complain that they have "filed several offers for installment agreements" under Section 6159 of the Internal Revenue Code and that Defendants have arbitrarily refused to process those offers. (*Id.* at ¶¶ 19-20, PageID.5.)  The Taylors further claim that Defendants violated the Levy Prohibition when they "refused to stop collection activities despite the offers of installment agreements." (*Id.* at ¶ 22, PageID.6.)  As relief, the Taylors ask the Court to (1) compel the Defendants to "process the offers of installment agreements," (2) order the Defendants to return the funds levied from Marvin Taylor's bank account while the

Levy Prohibition was allegedly in effect, and (3) prohibit Defendants from engaging in additional collection activities. (*Id.* at ¶¶ 24-25, PageID.6.)

Count II of the Complaint is captioned "Mandamus Against Individual Defendants." (*See id.*, PageID.7.)  In this claim, the Taylors allege that they have a clear right to have their proposed installment plans processed and a clear right to have their proposed payment of $575,000 accepted. (*See id.* at ¶¶ 25-26, PageID.7.) They further claim that Marvin Taylor has a clear right to the return of the monies allegedly seized via levy from his bank account in violation of the Levy Prohibition. (*See id.* at ¶ 29, PageID.8.)  As relief, the Taylors ask the Court to "issue a writ of mandamus against the individual Defendants compelling them to perform their ministerial duty to consider Plaintiffs' offers for [an] installment agreement, accept Plaintiffs' $575,000 payment, cease the wrongful collection of taxes while said offers of installment are pending and return wrongfully seized funds obtained by the unlawful levy against Plaintiff Marvin Taylor's bank account." (*Id.*, PageID.9.)

On August 19, 2022, Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Mot., ECF No. 5.)  The Court held a hearing on the motion on January 13, 2023.

## III

## A

Rule 12(b)(1) governs challenges based on a lack of subject-matter jurisdiction. *See Loren v. Blue Cross & Blue Shield of Michigan*, 505 F.3d 598, 607 (6th Cir. 2007). Rule 12(b)(1) motions fall into two general categories: facial attacks and factual attacks. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "is a challenge to the sufficiency of the pleading itself." *Id.* The court accepts a complaint's allegations as true and determines whether they establish federal jurisdiction. *See id.* In contrast, when a motion raises a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citation omitted). Here, Defendants do not specify whether they are bringing a facial or a factual attack on the Court's subject-matter jurisdiction. Instead, they argue that "applying the standards for either a facial or factual attack here requires dismissal of the Complaint because the Taylors cannot, as a matter of law, establish that the United States has waived sovereign immunity for their claims." (Mot., ECF No. 5, PageID.34.)

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).  "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.  A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## B

"The doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).  Sovereign immunity may be waived when the Government consents to be sued in particular instances.  But "a waiver of the Federal Government's sovereign immunity must be unequivocally

expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). In addition, courts must construe any waiver of sovereign immunity narrowly and resolve any ambiguities in favor of immunity. *See United States v. Williams*, 514 U.S. 527, 531 (1995).

## C

The Anti-Injunction Act "protects the [Federal] Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes." *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 543 (2012). The Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Although there are exceptions to this prohibition, these exceptions "are narrow" and should not "be enlarged by loose statutory construction." *Hanover American Insurance Company v. Tattooed Millionaire Entertainment, LLC*, 38 F.4th 501, 505 (6th Cir. 2022) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)).

## IV

## A

The Court begins with the claims against the United States. Those claims appear only in Count I of the Complaint. As described above, Count I seeks relief for alleged violations of the Levy Prohibition. But the Taylors have not identified

any waiver of sovereign immunity that would permit them (1) to sue the United States for the collection activities that were allegedly undertaken in violation of the Levy Prohibition, (2) to seek an injunction compelling the United States to accept for processing the installment payment plans that they claim to have proposed, and/or (3) to seek an order prohibiting the United States from undertaking collection activities going forward.

The Taylors argue that Section 6331(k) of in the Internal Revenue Code, 26 U.S.C. 6331(k)[1], contains such a waiver of sovereign immunity. (*See* Resp. to Mot.

---

[1] In its entirety, Section 6331(k), 26 U.S.C. § 6331(k), provides as follows:

(k) NO LEVY WHILE CERTAIN OFFERS PENDING OR INSTALLMENT AGREEMENT PENDING OR IN EFFECT

(1) OFFER-IN-COMPROMISE PENDING. No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax—

(A) during the period that an offer-in-compromise by such person under section 7122 of such unpaid tax is pending with the Secretary; and

(B) if such offer is rejected by the Secretary, during the 30 days thereafter (and, if an appeal of such rejection is filed within such 30 days, during the period that such appeal is pending).

For purposes of subparagraph (A), an offer is pending beginning on the date the Secretary accepts such offer for processing.

to Dismiss, ECF No. 6, PageID.73.)  However, that provision says nothing about the first two types of relief the Taylors seek against the United States: (1) redress for past collection activities that were allegedly undertaken in violation of the Levy Prohibition and (2) an order compelling the Government to accept an installment payment proposal for processing.  Thus, Section 6331(k) plainly does not permit the Taylors to seek that relief against the United States.

---

(2) INSTALLMENT AGREEMENTS.  No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax—

(A) during the period that an offer by such person for an installment agreement under section 6159 for payment of such unpaid tax is pending with the Secretary;

(B) if such offer is rejected by the Secretary, during the 30 days thereafter (and, if an appeal of such rejection is filed within such 30 days, during the period that such appeal is pending);

(C) during the period that such an installment agreement for payment of such unpaid tax is in effect; and

(D) if such agreement is terminated by the Secretary, during the 30 days thereafter (and, if an appeal of such termination is filed within such 30 days, during the period that such appeal is pending).

(3) CERTAIN RULES TO APPLY. Rules similar to the rules of—

(A) paragraphs (3) and (4) of subsection (i), and

(B) except in the case of paragraph (2)(C), paragraph (5) of subsection (i), shall apply for purposes of this subsection.

One Subsection of Section 6331(k) does contain a provision that arguably waives the United States' sovereign immunity from claims seeking to enjoin the United States from undertaking collection activities while the Levy Prohibition is in place.  But that arguable waiver does not authorize the Taylors to seek such an injunction here.  The possible waiver of sovereign immunity against future violations of the Levy Prohibition appears in Subsection 6331(k)(3)(A), 26 U.S.C. § 6331(k)(3)(A). That provision states that, for purposes of the Levy Prohibition, "[r]ules similar to the rules of" Section 6331(i)(4) of the Internal Revenue Code, 26 U.S.C. § 6331(i)(4), "shall apply."  The "rules" in Section 6331(i)(4), in turn, provide that a district court "may … enjoin[]" collection activities while refund proceedings are underway.  Because Subsection 6331(k)(3)(A) incorporates rules authorizing injunctions of future collection activities, it is at least arguable that that subsection waives the United States' sovereign immunity for a claim seeking to enjoin future collection activities that would violate the Levy Prohibition.

The problem for the Taylors, however, is that their own allegations make clear that any collection activity undertaken by the United States at this point would *not* violate the Levy Prohibition.  As explained above, the Levy Prohibition is triggered only when a proposed installment plan is accepted for processing, *see* 26 U.S.C. § 6331(k)(2), and the Taylors repeatedly complain that the Defendants have *refused* to accept their proposed installment plans for processing.  Given that allegation, it is

clear that the Levy Prohibition has not been triggered, so any collection activity at this point would *not* violate that prohibition.  Thus, even if Subsection 6331(k)(3)(A) waives the United States' sovereign immunity against claims seeking to enjoin future collection efforts that *would* violate the Levy Prohibition (and, to be clear, the Court makes no such holding here), that provision does not apply here and does not waive the United States' sovereign immunity against the Taylors' claim seeking to enjoin future collection activity by the United States.

For all of these reasons, Defendants are entitled to dismissal of the claims brought against the United States.

## B

The Court now turns to the claims against the individual Defendants.  As an initial matter, to the extent that those claims are brought against the individual Defendants in their official capacities, the claims are barred by the United States' sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (recognizing that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity") (internal quotations and citations omitted); *Heike v. Guevara*, 654 F. Supp. 2d 658, 670 (E.D. Mich. 2009) (holding that the doctrine of sovereign immunity barred claims against individual defendants sued in their official capacities).

Alternatively, if and to the extent that the claims against the individual Defendants may be construed as individual capacity claims, rather than official capacity claims, the claims still fail as a matter of law.  For instance, the Taylors' request for a writ of mandamus compelling the individual Defendants to accept their proposed installment plans for processing is barred by the Anti-Injunction Act.  As noted above, that Act "bar[s] litigation to enjoin or otherwise obstruct the collection of taxes." *National Federation of Independent Business,* 567 U.S. at 543.  The Act prevents the Court from ordering the individual Defendants to accept the Taylors' installment applications for processing because such an order would effectively restrain the IRS's ability to collect unpaid taxes.  As explained above, once a proposed installment application is accepted for processing – *i.e.*, once the Secretary agrees to consider the proposed plan on the merits – it "becomes pending," 26 CFR § 301.6159-1(b)(2), and so long as it remains pending (and for 30 days thereafter), the Levy Prohibition prevents the IRS from attempting to collect taxes through the levy process.  Thus, the requested writ of mandamus ordering the individual Defendants to accept the Taylors' installment applications for processing would "inhibit[] the government from collecting on the taxpayers' tax debt, which [the Anti-Injunction Act] prohibits." *Agility Network Services, Inc. v. United States*, 848 F.3d 790, 796 (6th Cir. 2017).  Accordingly, the Anti-Injunction Act bars the Court from issuing a writ of mandamus directing the individual Defendants to accept the

14

installment payment proposals for processing.  *See Dickens v. United States*, 671 F.2d 969, 972 (6th Cir. 1982) ("Although the plaintiffs attempt to cloak (their) lawsuit as an action in the nature of mandamus the action is actually tantamount to an action for an injunction to restrain ... an assessment of taxes ... and therefore falls within the bar of (the Anti-Injunction Act).") (internal quotations omitted).

Next, the Taylors' request for a writ of mandamus against the individual Defendants fails because the type of relief they seek is not properly the subject of mandamus.  Mandamus relief is governed by the mandamus statute, 26 U.S.C. § 1361, which provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

!
The relief available under this statute is limited.  As the Sixth Circuit has explained:

> The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff.  For there to be a "duty owed to the plaintiff" within the meaning of section 1361, there must be a "mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not 'owed.'"  A duty is not "owed" unless the obligation is "'plainly defined and peremptory.'"

*Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) (internal citations and quotations omitted).

The Taylors are not entitled to mandamus relief against the individual Defendants because they seek to compel those Defendants to perform functions that involve at least some discretion.  For example, the Taylors seek to force the individual Defendants to accept their installment plan proposals for processing, but, as described above, the Secretary (acting through her designees, such as the individual Defendants) may decline to process such a proposal if the Secretary concludes, through her designee's exercise of discretion, that the proposal has been submitted to delay the collection of a tax.  Likewise, the Taylors seek to force the individual Defendants to accept $575,000 toward their outstanding tax debt.  But the Taylors have offered that payment as part of their installment plan proposal which, again, the Secretary and her designees have the discretion to reject.

The Taylors are also not entitled to a writ of mandamus directing the individual Defendants to cease collecting outstanding taxes from them because the Taylors have not sufficiently alleged that the individual Defendants have a clear legal duty to cease collection efforts.  As noted above, the Taylors do not currently have a proposed installment plan pending before the Secretary, and they have not had such a proposal pending within the last 30 days.  Thus, the Levy Prohibition does not prevent the individual Defendants from attempting to collect from the Taylors.  And the Taylors have not identified any other provision of law that would bar the individual Defendants from doing so.

Moreover, for the same reason, the Taylors are not entitled to a writ of mandamus requiring the individual Defendants to return monies seized from Marvin Taylor's bank account. The Taylors have not shown that the individual Defendants (or anyone else) obtained that money in violation of the Levy Prohibition, nor have they identified any other law that would have prohibited the seizing of funds from Marvin Taylor's bank account. Thus, the Taylors have not shown that the individual Defendants have a clear legal duty to return those funds.

Finally, to the extent that the Taylors seek relief against the individual Defendants beyond a writ of mandamus, their claims fail because, as explained above, the Taylors' allegations do not establish that any past conduct by the individual Defendants violated the law or that any future collection activities by the individual Defendants would do so.

Thus, the Court will dismiss the claims brought against the individual Defendants in Counts I and II of the Complaint.

**V**

For all of the reasons explained above, Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126